# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MELVIN MACON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17 CV 415 |
| ALEKSANDRA DIMITRIJEVIC and ERIKA L. KELLIHER, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Melvin Macon, Jr., a *pro se* prisoner, filed this lawsuit seeking monetary damages from two defendants. He alleges that Aleksandra Dimitrijevic, a prosecuting attorney, gave Erika L. Kelliher, a newspaper reporter, confidential information about him in a pre-sentence investigation that was disclosed during his sentencing hearing on May 20, 2015. (*See* DE # 1.)

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Macon signed his complaint and placed it in the prison mail system on October 31, 2017. (DE # 1 at 4.) "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (internal citations omitted). Such is the case here. The events relevant to the suit occurred more than two years before he filed this lawsuit. Suing these defendants after the statute of limitations has expired is legally frivolous.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here because no amendment could make this case timely.

For these reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

                                                                **SO ORDERED.**

Date: December 13, 2017

                                                      s/James T. Moody
                                                    JUDGE JAMES T. MOODY
                                                    UNITED STATES DISTRICT COURT